UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JULIO MAYEN, on behalf of himself, individually,
and all other persons similarly situated,

               Docket No.:

     Plaintiff,

    -against-           **COMPLAINT**

PRELUDE PAINTING CORP. and CARLOS SOLANO,

       Defendants.
-----------------------------------------------------------------------X

   Plaintiff, JULIO MAYEN, on behalf of himself, individually, and all other persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, PRELUDE PAINTING CORP. and CARLOS SOLANO (collectively as "Defendants"), alleges as follows:

## NATURE OF THE CLAIM

   1. Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations ("NYLL"), unpaid wages stemming from Defendants' failure to pay Plaintiff wages for all hours worked at his agreed upon rate of pay under the NYLL, for failure to issue timely payment of wages pursuant to the FLSA and NYLL § 191, failure to provide accurate wage statements for each pay period under NYLL § 195(3), failure to furnish a wage notice upon his hire under NYLL § 195(1), for unlawful deductions from wages pursuant to NYLL § 193, for claims of unjust enrichment and quantum meruit under New York common law, and any other claim(s) that can be inferred from the facts set forth herein.

2.     Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.  Plaintiff brings his claims for violations of the NYLL and New York common law on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

3.     Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable six-year limitations period for those who suffered damages as a result of the Defendants' violations of the NYLL, the supporting New York State Department of Labor regulations, and for violations of New York common law.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(1) as all Defendants reside within the Southern District of New York, and 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## THE PARTIES

6.     Plaintiff JULIO MAYEN ("Mayen") is a resident of the County of Westchester, State of New York.

7.      At all times relevant, Plaintiff Mayen was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2), and a "manual worker" within the meaning of NYLL § 190(4).

8.      At all times relevant, Defendant, PRELUDE PAINTING CORP. (hereinafter "Prelude Painting") is and was a domestic business corporation with a principal place of business located at 4 Clark Place, Port Chester, New York 10573.

9.      At all relevant times, Prelude Painting was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to tools, painting equipment, paint, fuel for vehicles, tires for vehicles, office supplies, pens, paper, and other tools, equipment and materials.

10.     At all times relevant, Defendant Prelude Painting was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and New York Labor Law § 190(3).

11.     At all times relevant, Defendant, CARLOS SOLANO, is and/or was an officer, president or owner of Prelude Painting, had authority to make payroll and personnel decisions for Prelude Painting, was active in the day to day management of Prelude Painting, had authority to make hiring, firing and other personnel decisions for Defendants' employees, including Plaintiff, was involved in the termination of Plaintiff's employment, had authority to set work schedules and rates of pay, was responsible for the payment of wages to Defendants' employees, including Plaintiff, and determining what wages were paid to Defendants' employees, including Plaintiff, was responsible for maintaining personnel records for Defendants' employees, including Plaintiff,

and is liable to Plaintiff, Class Members and FLSA Collective Action Plaintiffs as an "employer" within the meaning of the FLSA and NYLL.

12. At all times relevant, Defendants employed more than ten people at any given time.

## **FACTS**

13. Defendants provide a variety of services, including, *inter alia*, interior and exterior painting, tile removal and installation, dry wall installation, electrical services, plumbing services, and other construction and demolition services in and around New York City and other regions of New York.

14. Defendants employed Plaintiff Mayen as a non-exempt painter from on or about October 9, 2020 through on or about September 22, 2021.

15. Throughout his employment, Plaintiff Mayen was responsible primarily for painting both residential and commercial properties.

16. Throughout his employment, Plaintiff regularly worked five to six days per week on Mondays through Friday, working from between 6:00 a.m. and 7:30 a.m. until between 5:00 p.m. and 6:30 p.m., or sometimes even later, during which Plaintiff typically received a thirty minute meal break. Throughout his employment, Plaintiff worked an additional eight hour workday on one Saturday per month. Accordingly, Defendants required Plaintiff to work, and Plaintiff did regularly work, between 45 hours and 68 hours, and sometimes even more hours, during each workweek.

17. Throughout his employment, Defendants paid Plaintiff an hourly rate of pay of $15.00 per hour for his hours worked, including for his hours worked in excess of forty hours in a single workweek.

18.    Throughout his employment, Defendants failed to pay Plaintiff for his hours worked in excess of forty hours per week at his statutorily-mandated overtime rate of pay of one and one half times his regular rate of pay, in violation of the FLSA and NYLL.

19.    Throughout his employment, Defendants' employees repeatedly informed Defendants of their statutory obligation to pay overtime compensation to their employees and complained regarding Defendants' failure to pay lawful overtime compensation to them.  Despite this, Defendants failed to remedy its violations of the FLSA and NYLL and continued to refuse to pay its employees, including the Plaintiff, Class Members, and FLSA Collective Action Plaintiffs, overtime compensation.

20.    Throughout his employment, Defendants failed to track Plaintiff's daily hours worked.

21.    However, throughout his employment, Plaintiff reported his total weekly hours worked to Defendants, thereby providing Defendants with an opportunity to record his hours worked.  Despite doing so, Defendants frequently failed to timely pay Plaintiff at any rate of pay for many of his hours worked each workweek.

22.    Specifically, throughout his employment, on certain workdays at least once per workweek, Plaintiff was required to begin work at 6:00 a.m. at Defendants' yard to pick up paint or other necessary supplies for the workday's assignments.  Thereafter, Plaintiff would travel from Defendants' yard where he began his workday to his assigned worksite, typically beginning work at the worksite at approximately 7:30 a.m.  Defendants failed to pay Plaintiff for any of his hours worked at Defendants' yard, where his workday started, to his assigned worksite for each workday.

23.    Throughout his employment, on certain workdays at least one day per workweek, Plaintiff was required to begin his workday at 6:00 a.m. at a supply store to pick up paint or other

necessary supplies for the workday's assignments.  Thereafter, Plaintiff would travel from the supply store where he began his workday to his assigned worksite, typically beginning work at the worksite at approximately 7:30 a.m.  Defendants failed to pay Plaintiff for any of his hours worked at the supply store or for his travel from the supply store, where his workday started, to his assigned worksite for each workday.

24.     Throughout his employment, due to Defendants' practice of failing to compensate Plaintiff for all hours worked, Defendants have deprived Plaintiff of compensation for many hours worked during each workweek at his regular agreed upon rate of pay or his overtime rate of pay, in violation of the FLSA and NYLL, and in violation of New York common law.

25.     Throughout his employment, Defendants paid Plaintiff his wages partially in check and partially in cash.

26.     Throughout his employment, Plaintiff regularly performed manual tasks during the majority of his hours worked and, therefore, Plaintiff spent more than twenty-five percent of his hours worked each week performing such manual tasks.

27.     Throughout his employment, Defendants paid Plaintiff his wages earned every fifteen calendar days.

28.     Thus, throughout his employment, Defendants failed to timely pay Plaintiff his wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

29.     Additionally, because Defendants failed to pay Plaintiff for certain hours worked during his workweeks, thereby failing to pay him at any rate of pay for many hours of work during certain workweeks, Defendants failed to timely pay Plaintiff his wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned

in violation of NYLL § 191, and failed to timely pay Plaintiff for these wages earned under the FLSA.

30.     Additionally, Defendants frequently failed to timely pay Plaintiff for certain hours worked each workweek, instead paying him for certain hours worked after his regular pay date for his wages earned.  Particularly, Defendants often failed to pay Plaintiff for several hours of wages earned, often as many as ten to twelve hours per pay period.  After Plaintiff informed Defendants of these omitted hours, Defendants would subsequently issue payment for these omitted hours at his straight-time, regular rate of pay, some time after Plaintiff's regular pay date.  As a result of this practice, Defendants again failed to timely pay Plaintiff these wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned in violation of NYLL § 191.

31.     Throughout their employment, Plaintiff, FLSA Collective Action Plaintiffs, and Class Members suffered an underpayment of wages each pay period because Defendants failed to pay their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191.

32.     Plaintiff, FLSA Collective Action Plaintiffs, and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

33.     By withholding the wages due and owing to the Plaintiff, FLSA Collective Action Plaintiffs, and Class Members, Defendants deprived Plaintiff, FLSA Collective Action Plaintiffs, and Class Members of the use of those funds to meet their everyday expenses and provide for their basic needs including, but not limited to, food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for

vehicles, education, daycare or childcare, child-related expenses, public transportation, and other basic living expenses.  Further, the earned wages were not available to Plaintiff, FLSA Collective Action Plaintiffs, and Class Members to invest and grow, save or accumulate interest.

34.     Defendants' failure to timely pay wages earned caused Plaintiff, FLSA Collective Action Plaintiffs, and Class Members to suffer the same or similar harms.

35.     Throughout his employment, Defendants maintained an unlawful policy wherein Defendants required Plaintiff to purchase his own painting supplies, including purchasing paint brushes, paint rollers, wall scrapers or putty knifes, and other required tools and equipment that are necessary for Plaintiff to perform his job duties.  Throughout his employment, Defendants did not reimburse Plaintiff for these costs and expenses.  By doing so, Defendants shifted a clear business expense that must fall on Defendants onto their employee, the Plaintiff, in a manner that is solely in Defendants' interests, and against Plaintiff's interests and without his authorization.  Thus, throughout his employment, Defendants made numerous unlawful deductions to Plaintiff's wages earned in violation of NYLL § 193 and New York common law.

36.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by disregarding records of Plaintiff's actual hours worked each week in order to intentionally deprive Plaintiff of compensation and by failing to pay Plaintiff overtime compensation despite repeatedly being informed of their obligation to pay such compensation.

37.     Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate in his primary language – or at all – upon Plaintiff's hire as required by NYLL § 195(1).

38.     Defendants failed to provide Plaintiff with accurate statements of his wages earned, including his correct overtime rates of pay, his accurate amount of regular and overtime hours

worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

39.     Defendants treated and paid Plaintiff and the putative class and collective action members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

40.     At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime compensation for hours worked in excess of forty (40) hours each week and by failing to timely pay their wages earned.

41.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid or who suffered from delayed payment of certain wages in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

42.     Plaintiff seeks to proceed as a collective action with regard to the First and Second Claims for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a non-exempt painter, tile worker, dry wall worker, electrician, plumber, construction worker, demolition worker, manual laborer and/or in any other similarly-situated position, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

43.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Action Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay or suffered from delayed payment of wages in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings his Third through Tenth Claims for Relief on behalf of himself, individually, and a class of persons under Fed. R. Civ. P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as a non-exempt painter, tile worker, dry wall worker, electrician, plumber, construction worker, demolition worker, manual laborer, and/or in any other similarly-situated position at any time during the six (6) years prior to the filing of this Complaint through the date of judgment (hereinafter referred to as the "Class" or the "Class Members").

45.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and rates of pay for each Class Member may also be determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under Fed. R. Civ. P. Rule 23.

46.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendants as a painter, tile worker, dry wall worker, electrician, plumber, construction worker, demolition worker, manual laborer and/or in any other similarly situated position at any time during the six (6) years prior to the filing of this Complaint.

47.     Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

48.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants failed and/or refused to pay the Plaintiff and Class Members overtime compensation for hours worked in excess of forty hours in a single workweek;

(b)     Whether Defendants failed and/or refused to pay the Plaintiff and Class Members for all hours worked up to forty hours per week at their agreed upon rates of pay;

(c)     Whether Defendants failed and/or refused to pay the Plaintiff and Class Members in accordance with their hours worked;

(d)     Whether Defendants' engaged in conduct constituting unlawful deductions from Plaintiff's and Class Members' wages earned;

(e)     Whether Defendants failure and/or refusal to pay the Plaintiff and Class Members for all hours worked constitutes violations of the New York common law;

(f)     Whether Defendants' engaged in conduct constituting a violation of New York common law by requiring Plaintiff and Class Members to purchase

tools and/or supplies to perform their job duties for the benefit of Defendants, without reimbursement from Defendants;

(g)     Whether Defendants paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of NYLL § 191;

(h)     Whether Defendants failed to pay Plaintiff and Class Members weekly and not later than seven calendar days after the end of the week in which the wages are earned;

(i)     Whether Defendants failed to furnish the Plaintiff and Class Members with a notice of their wage rate upon their hire;

(j)     Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage notices for each pay period;

(k)     Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay, wages at their agreed upon rates of pay, other required compensation, or the deducting of compensation from their wages earned was done willfully and/or with reckless disregard of the state wage and hour laws;

(l)     Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(m)     Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and Class Members;

(n)     Whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and the Class;

(o)     Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(p)     What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

49.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All of the Class Members were subject to the same corporate practices of Defendants.  Defendants' corporate-wide policies and practices affected all Class

Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Additionally, Defendants' violations of the NYLL, including the failure to timely pay wages earned, and New York common law caused Plaintiff and the Class Members to suffer the same or similar harms.  Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

50.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

51.    Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

52.    A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants, especially in light of the relatively minimal damages owed to each individual putative Class Member.

53.    Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  The adjudication of individual litigation of claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.  The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendants.  Moreover, the issues in this action can be decided by means of common, class-wide proof.

54.     The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

55.     In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

56.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

57.     Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

58.     Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate them for all of their hours worked in excess of forty (40) hours per week at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

59.     Defendants' violations of the FLSA have been willful and intentional.

60.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

61.     As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – FREQUENCY OF PAY VIOLATION)**

62.     Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

63.     Defendants employed Plaintiff, yet failed to pay him any wages for certain hours worked and thereby failed timely pay them their wages earned, in violation of the FLSA.

64.     Defendants' violations of the FLSA have been willful and intentional.

65.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

66.     As a result of Defendants' unlawful acts, Plaintiff is entitled to recover liquidated damages in the amount of their delayed wages, attorneys' fees and costs of this action.

**THIRD CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

67.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

68.     Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action for workweeks longer than forty (40) hours and failed to compensate the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into

this action for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the NYLL.

69.     By Defendants' failure to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action proper overtime wages for hours worked in excess of 40 hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

70.     Defendants' violations of the NYLL have been willful and intentional.

71.     Due to Defendants' violations of the New York Labor Law, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and interest as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**(FAILURE TO PAY WAGES DUE UNDER NYLL)**

72.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

73.     NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

74.     Defendants failed to compensate Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action at their regular rate of pay for each hour that they worked in accordance with their agreed terms of employment.

75.     Defendants' violations of the NYLL have been willful and intentional.

76.     Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are entitled to recover for all hours worked for Defendants but for which Defendants did not provide compensation at their regular rate of pay.

77.     Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are also entitled to liquidated damages, attorneys' fees, costs, and interest for Defendants' failure to pay wages in accordance with their agreed terms of employment.

## FIFTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 191)

78.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

79.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, were manual workers as defined by the NYLL.

80.     Defendants were required to pay the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, their compensation on a weekly basis, and not later than seven calendar days after the end of the week in which the wages were earned.

81.     Defendants failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiffs who opt into this action, their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

82.     Defendants' violations of the NYLL have been willful and intentional.

83.     Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

**SIXTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 193)**

84.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

85.     New York Labor Law § 193 prohibits employers from taking any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit.

86.     Defendants commonly made deductions to Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff's, wages, by requiring them to purchase their own tools and supplies that are necessary to performing their job duties, solely for the benefit of the Defendants, in violation of New York Labor Law § 193 and 12 NYCRR § 142-2.10.

87.     Defendants' violations of the NYLL have been willful and intentional.

88.     Due to Defendants' violations of the New York Labor Law, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**SEVENTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(1))**

89.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

90.     Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action with a written notice upon their hire, and failed to provide

same in their primary language, regarding their rate of pay; the basis of their rate of pay; the

employee's regular pay day; the name, address and telephone number of the employer; and other

information, as required by NYLL § 195(1).

91.     Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA

Collective Action Plaintiff who opts-into this action with the notice required by NYLL § 195(1),

Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are

entitled to statutory damages, reasonable attorneys' fees and costs of this action.

**EIGHTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(3))**

92.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into

this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same

force and effect as if fully set forth herein.

93.     Defendants failed to provide Plaintiff, Class Members and any FLSA Collective

Action Plaintiff who opts-into this action with accurate statements of their wages earned, including

their correct overtime rate of pay, their amount of regular and overtime hours worked, gross wages,

net wages and deductions, for each pay period as required by NYLL § 195(3).

94.     Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA

Collective Action Plaintiff who opts-into this action with accurate wage statements with their

wages as required by NYLL § 195(3), Plaintiff, Class Members and any FLSA Collective Action

Plaintiff who opts-into this action are entitled to statutory damages, reasonable attorneys' fees and

costs of this action.

## NINTH CLAIM FOR RELIEF
### (UNJUST ENRICHMENT)

95.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

96.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action performed work for the benefit of Defendants, at Defendants' behest.  However, Defendants failed to compensate Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action at their regular rate of pay or at any rate of pay for certain hours that they worked in accordance with their agreed terms of employment.  By doing so, Defendants retained monies that they were required to pay to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action for work that they performed, as required by Defendants.

97.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action performed work for the benefit of Defendants, and were required to purchase their own tools and supplies that are necessary to performing their job duties from their own funds, at Defendants' behest.  These mandated expenditures purchased with the funds of Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action constitute a business expense to be borne by the Defendants.  However, Defendants failed to reimburse Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action for the funds spent to purchase their tools and supplies that were necessary to performing their job duties from their own funds.  By doing so, Defendants retained monies that they were required to be paid to Plaintiffs by Defendants.

98.    Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

## TENTH CLAIM FOR RELIEF
## (QUANTUM MERUIT)

99.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

100.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action performed valuable services for Defendants in good faith, at Defendants' behest, which were accepted by Defendants.

101.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action performed valuable services for Defendants with the expectation that they would be compensated for their work.

102.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to the recovery of the reasonable value of the services that they provided to Defendants, Defendants were enriched at the expense of Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.  Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are also entitled to costs of this action and interest as permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Collective Action Plaintiffs and Class Members pray for the following relief:

i.    Issuance of an order restraining Defendants from any retaliation against Plaintiff, Class Action Members and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii.   Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting regulations, and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii.  Designation of this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv.   Certification of a class action pursuant to Fed. R. Civ. P. 23;

v.    Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

vi.   Awarding unpaid wages, including but not limited to unpaid overtime pay, unpaid wages owed at their agreed upon rates of pay, sums unlawfully deducted from their

wages, or other forms of compensation, and additional and equal amount as liquidated damages, pursuant to the NYLL and Department of Labor Regulations;

vii.     Awarding damages for the untimely payment of wages under the FLSA;

viii.    Awarding damages pursuant to NYLL § 191, 198;

ix.      Awarding damages pursuant to NYLL § 195(1), (3);

x.       Awarding damages relating to the violation of the New York common law with respect to claims for unjust enrichment and quantum meruit;

xi.      Awarding punitive damages as permitted by law;

xii.     Awarding pre- and post-judgment interest as permitted by law;

xiii.    Awarding all attorneys' fees incurred in prosecuting these claims;

xiv.     Awarding all costs incurred in prosecuting these claims; and

xv.      Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
        June 30, 2022

LAW OFFICE OF PETER A. ROMERO PLLC
*Attorneys for Plaintiff*
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel.: (631) 257-5588

By:    _____
       DAVID D. BARNHORN, ESQ.
       PETER A. ROMERO, ESQ.