UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JULIO MAYEN, on behalf of himself,
individually, and all other persons similarly
situated,

<table>
<tr><td>Plaintiff,</td><td>ORDER</td></tr>
<tr><td>-against-</td><td>22 Civ. 5572 (JCM)</td></tr>
</table>

PRELUDE PAINTING CORP. and CARLOS
SOLANO,

                              Defendants.
-------------------------------------------------------X

     Plaintiff Julio Mayen commenced this action against Defendants Prelude Painting Corp. and Carlos Solano ("Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), and the New York Labor Law ("NYLL"). (Docket No. 1). The parties engaged in court-ordered mediation and reached a settlement. On October 23, 2023, Plaintiff submitted a negotiated Settlement Agreement and Release ("Agreement") for the Court's review, accompanied by a letter in support of the Agreement, as well as attorneys' time records and costs. (Docket No. 40).[1]

     "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332,

---

[1] The parties consented to the jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C. § 636(c) on March 13, 2023. (Docket No. 22).

335 (S.D.N.Y. 2012) (citations omitted). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotations omitted).

Here, the parties engaged in contentious negotiations, met with the mediator, and focused on resolving the matter before extensive discovery was conducted. "There is much to admire in this approach, which conserves both attorney time and judicial resources." *Plizga v. Little Poland Rest. Inc.*, No. 15-cv-08820(LAK)(BCM), 2016 WL 9307474, at *5 (S.D.N.Y. July 18, 2016). Furthermore, based on my review of the Agreement, the letter in support, and the documentation supporting the reasonableness of the attorneys' fees and costs, (Docket No. 40), I find the Agreement was the product of arm's-length negotiations between able counsel and that the terms of the Agreement, including the approval of Plaintiff's counsel's fees, are a fair and reasonable resolution of the case. *See Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (citations omitted).

Accordingly, the Court approves the settlement and dismisses the matter with prejudice. The Court will retain jurisdiction over the matter for enforcement of the settlement only.

The Clerk is respectfully requested to terminate the pending motion (Docket No. 40) and close the case.

Dated:  October 26, 2023
        White Plains, New York

                                        SO ORDERED:

                                        *Judith C. McCarthy*
                                        JUDITH C. McCARTHY
                                        United States Magistrate Judge